## LEMOINE *v.* DUNKLIN COUNTY.

*(Circuit Court, E. D. Missouri, E. D.* May 15, 1891.)

TRUST—LACHES.

Where, in a proceeding to obtain a transfer of the legal title to a large quantity of swamp land, alleged to be held by the defendant county in trust for the complainant, it appeared that the entries under which complainant claims were made more than 30 years before; that for more than 20 years the county had openly and persistently denied the trust, and had made sales and conveyances of large quantities of the lands to persons who have made improvements thereon; that complainant's title to a large portion of the lands depended upon a grant in aid of a plank-road; and that, although the road had never been built, the certificates of entry and sale were issued to the contractors, who are the parties under whom complainant claims; that the charter of the road was subsequently repealed, and the county had continuously contested the validity of the grant; that the witnesses who were conversant with the transaction of the issue of certificates of entry and sale are since dead; that in the civil war the records of the county were scattered; that those which were in existence up to the year 1872 were in that year destroyed by fire,—the complainant will be held guilty of laches, and the bill dismissed.

In Equity.
*Cunningham & Eliot,* for complainant.
*Eleneious Smith* and *Geo. H. Shields,* for defendant.

THAYER, J. For the information of counsel it will be sufficient to say that the court dismisses the bill of complaint on the ground of laches. The bill charges in effect, that Dunklin county holds the legal title to about 17,000 acres of swamp land, situate in that county, in trust for the complainant, the land having been entered, as it is claimed, and paid for, by parties under whom complainant derives title, some time in the year 1857. The purpose of the proceeding is to obtain a transfer of the legal title, on the ground that complainant has succeeded to all the rights of those who originally entered the lands, and is now the equitable owner of the same, and entitled to a conveyance of the legal title. It will be seen, therefore, that the title which plaintiff asserts had its origin more than 30 years ago, and nothing appears to have stood in the way of an assertion of that title by the plaintiff, or by those under whom he claims,

at any time within the past 20 or 25 years; nevertheless, no steps were taken to enforce the right now asserted until July 2, 1888, when the present bill was filed. The testimony shows to my satisfaction that for more than 20 years the county of Dunklin has openly and persistently denied the trust which complainant now seeks to establish. During that period it has made sales and conveyances of large quantities of the lands in question to numerous purchasers. Many of the purchasers have entered into possession of the lands so conveyed to them by the county, and have made improvements thereon, and some of the purchasers have doubtless been in possession for such length of time as to acquire a perfect title to their several holdings under the statute of limitations. I have no doubt that the complainant, or those under whom he derives title, had both actual and constructive notice, at least 15 years before this suit was instituted, that the county of Dunklin was selling and conveying the lands in question as a part of the unsold swamp lands ceded to it by the state, which it had the right to sell; and, further, had knowledge that the county denied and would dispute the validity of the entries or sales made in 1857, on which plaintiff's alleged equitable title depends. Furthermore, it appears that plaintiff's right to a very large portion of the lands claimed in this proceeding, depends upon the validity of a grant of said lands made in the year 1857, to aid in the building of a plank-road from Kennett, in Dunklin county, to a point on the Mississippi river. The road it seems was never built, although a certificate of entry and sale of all swamp lands lying within six miles of the proposed route of the road was issued to the contractors, who are the parties under whom complainant claims. Shortly after the issuance of such certificate, the general assembly of this state for some reason repealed the charter authorizing the building of the road, and authorizing the donation of swamp lands by the county in aid of the enterprise. The county of Dunklin, as it seems, has contested the validity of the grant of swamp lands in aid of the building of the plank-road for more than 30 years last past. Whether the certificate of entry and sale of lands to aid in the building of the plank-road was regularly and lawfully issued by the register of swamp lands, it is now impossible to fully and fairly determine. Nearly all the persons conversant with the transaction have died. A civil war has swept over the country, the records of the county of that period have been scattered, and such as were in existence up to the year 1872 were in that year destroyed by fire.

The case made by the evidence presents certain features that were not disclosed by the bill when it was before the court on demurrer. *Vide,* 38 Fed. Rep. 567. It is obvious, from what has been said, that all the facts appear in evidence which are requisite to support the plea of laches. The complainant and those under whom he claims have acquiesced for years in an open and notorious denial by the county of the equitable title on which the complainant relies. In the mean time numerous persons, who are not parties to this suit, have acquired an interest in the lands described in the bill, whose titles would be clouded by a decree in favor of the complainant; and, in the third place, it appears that, by

lapse of time, the accidental destruction of public records, and the death of witnesses, the defendant is precluded from showing the invalidity of complainant's title to a large portion of the lands in dispute, which it very likely could have shown if this action had been brought at an earlier day. Complainant must accept the consequences of his own neglect, and the neglect of those under whom he claims. *Speidel* v. *Henrici*, 120 U. S. 387, 7 Sup. Ct. Rep. 610; *Hume* v. *Beale*, 17 Wall. 348; *Brown* v. *Buena Vista Co.*, 95 U. S. 161.

There are some other defenses which it is unnecessary to notice. The bill must be dismissed, for the reason stated.